NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GVN IV, LLC, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> SALERNO, et al., <br><br> **Defendants.** | Civil Action No. 20-5811 (BRM) <br><br><br> **MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

  Currently pending before the Court is Plaintiffs GVN IV, LLC, et al.'s ("Plaintiffs") Motion for Default Judgment (Docket Entry No. 15) and Defendants Salerno, et al.'s ("Defendants") Cross Motion to Vacate the Clerk's Entry of Default and for an Extension of Time to File an Answer. (Docket Entry No. 17). Plaintiffs oppose Defendants' Motion. (Docket Entry No. 23). The Court has fully reviewed and considered all arguments raised in favor of and in opposition to both Plaintiffs' and Defendants' Motions. The Court considers the Motions without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiffs' Motion for Default Judgment is DENIED and Defendants' Motion to Vacate the Clerk's Entry of Default and for an Extension of time is GRANTED.

  **I. Background and Procedural History**

  The Court and the parties are familiar with the facts underlying this case as well as its procedural history. As a result, neither will be restated at length herein. Instead, only those facts most relevant to the pending Motion for Default Judgment and Motion to Vacate the Clerk's Entry of Default are included.

On May 12, 2020, Plaintiffs filed a Complaint against the Defendants in this matter. (Docket Entry No. 1). Plaintiffs served Defendant, Salerno Complementary Medicine, PLLC ("Salerno Center"), via process server on May 19, 2020, and filed an affidavit of service on May 27, 2020 (Docket Entry No. 6) and served Defendant Vitanutrient IV, LLC ("Vitanutrient"), via process server on May 19, 2020, and filed an affidavit of service on May 26, 2020. (Docket Entry No. 7). Both parties' responsive pleadings were due on June 9, 2020. Plaintiffs served Defendants Helene and John Salerno on June 1, 2020 and filed affidavits of service on June 2, 2020 (Docket Entry Nos. 8 and 9), making the deadline for Mr. and Mrs. Salerno to file a responsive pleading June 22, 2020. On June 10, 2020, the parties filed a stipulation agreeing to extend the time for all Defendants to file their answers to June 22, 2020. (Docket Entry No. 10). The Court granted the request. (Docket Entry No. 11).

On June 22, 2020, the parties informally agreed to extend the time for Defendants to Answer from June 22, 2020 to July 13, 2020, although no notation of this agreement was made on the Court's docket. (*See* parties' e-mail exchange at Docket Entry No. 13-2). On the same date, Defendants' counsel at Inglesino, Webster, Wyciskala, Taylor LLC, informed Plaintiffs' counsel that they would no longer be representing Defendants in this matter, but withdrawal was never sought or effectuated. (*Id*.). Defendants failed to timely respond to Plaintiff's Complaint by July 13, 2020. On July 14, 2020, Plaintiffs filed a request for clerk's entry of default (Docket Entry No. 13) which was entered on July 15, 2020. (*See* Clerk's Entry of Default of 7/15/2020). On July 21, 2020, Plaintiffs filed a motion for default judgment. (Docket Entry No. 15). On August 3, 2020, Defendants filed a cross motion for an extension of time to file an answer and to set aside the clerk's entry of default. (Docket Entry No. 17). On September 1, 2020, Plaintiffs filed a reply. (Docket Entry No. 23).

## II.     Legal Standard

Pursuant to FED.R.CIV.P. ("Rule") 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, the Court may vacate the entry of default. *See* Rule 55(c). The decision to set aside a clerk's entry of default "'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" In deciding whether there is good cause to vacate the entry of default, courts examine: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Because default is consider an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Id.*

## III.    Discussion

The Court considers the aforementioned factors as well as the preference for cases to be decided on their merits in determining whether to vacate default as requested by Defendants. The threshold question for the Court is whether Defendants have a meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States of America v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, the Court finds this factor to be neutral.

First, Defendants argue that Plaintiffs lack standing to bring suit for the disclosure of protected health information, as "[t]he ability to bring an enforcement action to remedy HIPAA violations lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens." (Def.s' Br. at 4; Docket Entry No. 17-1).  Next, Defendants deny Plaintiffs' claims of fraud and misrepresentation, arguing that Defendants could not have entered an exclusive agreement to sell certain products such as "BEMER" to Plaintiffs because Defendants do not own the patent or rights to sell products like "BEMER" and therefore would have no authority to create an exclusive agreement. (*Id*. a. 4).  Defendants also argue that Plaintiffs' claim that Defendants took supplies from the business for personal use without including those supplies on the accounts-receivable records is without merit because this was common practice amongst the parties and all supplies were appropriately accounted for. (*Id*.). Defendants also challenge Plaintiffs' claim that Defendants failed to provide requested accounting for the parties' joint business ventures, arguing that Plaintiffs were directed to Dr. Salerno's accountant, Vincent L. DiVito, CPA, and Plaintiffs were given access to the requested accountings.  Lastly, Defendants argue that Plaintiff's allegation of breach of contract pertaining to 492 Penfield Road is without merit because "[a]though the construction and subsequent listing of the property was delayed, a certificate of occupancy for the home has been issued and the property is presently listed for sale." (*Id.* at 5).

Plaintiffs argue in their reply that Defendants failed to proffer a meritorious defense to any of the eighteen claims raised in the Complaint.  First, Plaintiff argues that Defendants have not raised any defense, let alone a meritorious defense, to six of the claims in the Complaint. (*See* Pl.s' Reply at 12; Docket Entry No. 23).  Plaintiffs argue that Defendants admit this by stating they can "set forth meritorious defenses for many of these claims." (Defs.' Opp. at 4; Docket

4

Entry No. 17-2). Plaintiffs argue that Defendants raise generic defenses to eight claims, and that the few defenses that were raised by Defendants for the remaining claims do not rise to the level of a meritorious defense. Plaintiffs argue that Defendants' motion to vacate the entry of default must be denied based on the lack of meritorious defenses set fourth by Plaintiff.

Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir.1982)("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2692 at 471 ("[T]he federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment."). In the context of a motion to vacate entry of default, courts in this District have been reluctant to deny vacatur based on the lack of a meritorious defense alone. *See Nat'l Specialty Ins. Co. v. Papa*, 2012 U.S. Dist. LEXIS 34047 (D.N.J. March 14, 2014); *Toy v. Hayman*, 2008 U.S. Dist. LEXIS 94582 (D.N.J. Nov. 20, 2008). The Court therefore finds this factor to be neutral, weighing neither against nor for Defendants' motion to vacate the entry of default.

Next, the Court considers whether Plaintiffs will suffer prejudice if the entry of default is vacated. Defendants filed the present Motion on August 3, 2020, less than three weeks after Plaintiffs requested and the Clerk entered default, and just over a month after its Answer was due. (Docket Entry No. 17). Notably, delay in the adjudication of a claim "rarely serves to establish the degree of prejudice" sufficient to warrant the denial of a motion to vacate an entry of default. *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982); *New Jersey Right to Life Committee, Inc. v. New Jersey Republican Profile Coalition*, Civil Action No. 05-

5

5443 (DMC), 2006 WL 2252375, at *2 (D.N.J. Aug. 7, 2006).  Here, the Court finds that Plaintiff will not be prejudiced if default is vacated, as the delay here is minimal.  Under these circumstances, the Court is not persuaded that Plaintiff will suffer any prejudice if default is vacated and this matter is allowed to proceed on the merits.

Third, the Court considers whether the entry of default was a product of Defendants' culpable conduct.  "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984).  Negligence is insufficient.  Instead, there needs to be a knowing or, at least, "[r]eckless disregard for repeated communications from plaintiffs and the court[.]" *Id*. at 1183. Despite Plaintiffs' claims to the contrary, the Court finds that Defendants' failure to timely answer did not result from its culpable conduct.  While Defendants were certainly aware of these proceedings, they did not knowingly or recklessly disregard their need to participate.  Instead, Defendants argue that their failure to answer, move or otherwise respond to Plaintiff's Complaint within the time prescribed was due to the fact that it had been attempting to retain counsel to help mount a defense to this action. (*See* Def.s' Br. at 4; Docket Entry No. 17-1).  Defendants admit that they "failed to fully appreciate the timelines dictated by the Federal Rule of Civil Procedure" but that they "made reasonable efforts to secure legal counsel when they became aware of this matter" by contacting multiple law firms which took longer than expected. (*Id*. at 5).  Although the better course of action would have been for Defendants to have sought an extension of time to answer, there is no persuasive evidence that its failure to act timely resulted from willfulness or bad faith.  As a result, the Court finds that the entry of default, here, cannot be attributed to any "culpable conduct" on Defendants' part.

Under these circumstances, especially given the preference that civil actions be decided on their merits, the Court finds good cause under Rule 55(c) to vacate default.  Plaintiffs' Motion for Default Judgment is DENIED and Defendants' Motion to Vacate the Clerk's Entry of Default and for an extension of time is GRANTED.  Defendants are directed to answer, move or otherwise respond to Plaintiff's Complaint by **November 12, 2020**.

The Court notes that Plaintiffs have requested, in the alternative, to be afforded certain immediate equitable relief.  Plaintiffs ask the Court to "appoint a new realtor to handle the sale of 492 Penfield Road; order Defendants to provide a complete accounting of the books and records for each business named in the litigation at their sole cost; order Defendants to pay the costs and fees associated with this motion; and any other relief the court may deem fair and equitable." (Pls.' Reply at 19; Docket Entry No. 23).  The Court finds that Plaintiffs are not entitled to any alternative relief at this time.  Plaintiffs may raise appropriate arguments for injunctive relief in a separate motion to the Court.

Dated:  October 23, 2020

     s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**